THE PLANTERS' BANK OF PRINCE GEORGE'S COUNTY *vs.* SELLMAN.—*June,* 1830.

In an action against the endorser of an inland bill of exchange, payable after date, which had been protested for non-payment, and due notice thereof given to the defendant, a letter from the plaintiff to the administrator of the drawer of the bill, dated some time after the bill became due, was given in evidence by the defendant, which stated that the plaintiff "had agreed with the drawer to secure the amount of the said bill, and others, drawn by him and protested, by instalments, to wit, $300 every sixty days, and requiring payment of two instalments then due"—HELD, that in the absence of proof of any consideration to support the agreement mentioned in the letter, the County Court erred in giving an unqualified instruction to the jury, that the defendant was discharged from all liability.

The holder of a bill of exchange may by an agreement with the drawer to give him further time for payment, discharge an endorser.

But it is not every mere naked agreement, by the holder with the drawer for delay, that will discharge the endorser after he has been fixed in his responsibility by non-payment, and due notice given.

It is clear, both on principle and authority, that it must be a binding engagement, without the assent or concurrence of the endorser, and one that will suspend the holder's remedy, and restrain him from bringing suit against the drawer before the expiration of the time given, to the prejudice of the endorser, or so as to affect his rights.

To do this, it must have a sufficient consideration to support it, otherwise it is *nudum pactum,* and does not affect or suspend the rights of any of the parties.

APPEAL from *Anne Arundel* County Court.

*Assumpsit* by the holders, the appellants, against the appellee, *John Sellman*, the endorser of an inland bill of exchange, commenced July 17th, 1826. The general issue was pleaded.

At the trial the plaintiffs read in evidence the following bill of exchange: "$550. *Tracey's Landing*, August 2d, 1823. Thirty days after date, pay to *John Sellman*, or order, five hundred and fifty dollars, for value received, and place the same to my account. *T. Tongue.* Messrs. *B. D. and R. Mulliken, Baltimore. Endorsed, John Sellman.* Pay to *James L. Hawkins, Esquire, Cashier, or order. T. Tyler, Cashier. Accepted, B. D. and R. Mulliken.*" And proved the hand-writing of the defendant, the endorser of the said note. They also proved, that the same was in due time presented for acceptance, and was accepted; also the demand of payment of the drawer, protest for non-payment and notice thereof to the defendant in due time. The defendant thereupon read in evidence, a letter written by the Cashier of the *Planters' Bank* of *Prince George's* County, the plaintiffs in this cause, bearing date the 10th February, 1826, and directed to the administrator of the drawer, *Thomas Tongue*, informing him that the plaintiffs had agreed with the said *Thomas Tongue*, to receive the amount of the said note, and other notes drawn by him and protested, by instalments, to wit, $300 every sixty days, and requiring payment of two instalments then due.

Thereupon the defendant by his counsel prayed the Court to instruct the jury, that by reason of the said agreement with, and extension of credit to the drawer aforesaid, without the consent of the defendant, the latter was discharged from all liability, and their verdict must be for the defendant, of which opinion the Court (KILGOUR and WILKINSON, A. J.) were, and so instructed the jury.

The plaintiffs excepted, and the verdict and judgment being for the defendant, the present appeal was taken.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, and ARCHER, J.

*Magruder*, for the appellants, contended,

That admitting that such an agreement, as that referred to in the bill of exceptions, founded on a valuable consideration, would have discharged the endorser, yet in this case, it was an. agreement without any consideration, *nudum pactum*, and therefore does not release the endorser. *Mc-Lemore vs. Powell*, 12 *Wheaton*, 554, 556.

*Alexander*, for the appellee.

In the case in *Wheat.* there was positive proof of the absence of consideration. In this case, the letter of the. cashier of the appellants speaks of an *agreement*, and that term imports a consideration. *Wain vs. Warlters*, 5 *East.* 10. The word agreement being introduced in the record, must receive its technical definition. *Cabell vs. Vaughan*, 1 *Saund.* 291, (*note* 1.) *Tongue*, the drawer, was bound by his agreement to pay the bills, by instalments as stipulated, and if he was *bound*, so was the bank, mutuality being of the essence of the contract. The promise by *Tongue* was to pay a precedent debt, or rather debts, first consolidating them and thereby changing the nature of his original undertaking. He referred in his argument to *Clopper* 's. *Union Bank of Maryland*, 7 *Harr. and Johns.* 100. *Cro. Chas.* 504, 548. *Gould vs. Robson and Keymer*, 8 *East.* 576. *Wheat. Selw.* 36. *Boultbee vs. Stubbs*, 18 *Ves. Jr.* 20. *Rees vs. Berrington*, 2 *Ves. Jr.* 540.

BUCHANAN, Ch. J., delivered the opinion of the Court.

This suit was originally brought on a bill of exchange drawn by *Thomas Tongue*, on Messrs. *B. D. and R. Mulliken*, payable to the defendant, *John Sellman*, or order, and by him endorsed to the plaintiff, and protested for non-payment, of which due notice was given to the defendant. The general issue was pleaded, and at the trial the defen-

dant gave in evidence a letter written by the Cashier of the *Planters Bank of Prince George's County*, to the plaintiff, dated after the protest for non-payment and notice, and directed to the administrator of *Tongue*, the drawer, informing him that the plaintiff had agreed with *Tongue* to receive the amount of that bill, and other notes drawn by him, and protested, in instalments of $300, every sixty days, and requiring payment of two instalments then due. And upon the prayer of the defendant's counsel, the Court below instructed the jury, that by reason of that agreement with, and extension of credit to the drawer, without the consent of the defendant, the defendant was discharged from all liability, and their verdict must be for him. To this instruction a bill of exceptions was taken on the part of the plaintiff, on which the only question presented to this Court arises; and that is, not, whether the holder of a bill of exchange may, by an agreement with the drawer, to give him further time for payment, discharge the endorser, which is a doctrine too well settled now to be examined, but what kind of agreement it must be to work that effect. And we think it is not every mere naked agreement, by the holder with the drawer for delay, that will discharge the endorser, after he has been fixed in his responsibility by non-payment, and due notice given; but clear both on principle and authority, that it must be a binding engagement, without the assent or concurrence of the endorser, and one that will suspend his remedy, and restrain him from bringing suit against the drawer, before the expiration of the time given, to the prejudice of the endorser, or so as to affect his rights—and to do this, it must have a sufficient consideration to support it, otherwise it is *nudum pactum*, and does not affect or suspend the rights of any of the parties for a moment; but (like any other agreement that is void for want of consideration,) not being binding on the holder, he is not restrained from suing, but is left free to prosecute his rights, as if no such agreement to extend the time of payment had been made. And the ground upon which an extension of time by the holder

to the drawer is held to discharge the endorser after notice of non-payment, being, that the agreement for delay ties up the hands of the holder, and suspends his present rights; it follows, that an agreement which, for want of consideration, is not obligatory on the holder, and does not suspend his remedy or rights, will not have the effect to discharge the endorser. *Chitty on Bills*, 371, 373, (ed. 1821,) 379, (note C.) *Arundel Bank vs. Goble. Walwyn vs. St. Quintin,* 1 *Bos. and Pull*, 652. *McLemore vs. Powell,* 12 *Wheat. Rep.* 554. And why should it? The holder is under no obligation of active diligence. As long as he is passive, all his remedies remain, and he may forbear to sue as long as he pleases; and such forbearance will not operate to discharge the endorser, whose rights are not suspended; but by paying the bill he may regain the possession, and reinstate himself in the ownership of it, and thus become entitled to a remedy on the instrument, against all the antecedent parties. So in the case of a naked agreement by the holder to give time, which being void for want of consideration, is not binding upon him, and does not suspend the rights or remedies of any of the parties. And being therefore no more to the prejudice, and not affecting the rights of the endorser, more than a mere forbearance by the holder to sue, without any express agreement, there is no reason why the endorser should be discharged in one case, more than in the other. But not so in the case of a valid agreement for delay, having a sufficient consideration to support it; which being binding on the holder suspends his remedy on the bill, until the expiration of the time agreed upon. And if in the mean time the endorser discharges the bill, he only places himself in the situation of the holder, with no other rights, and he takes the bill subject to all the equity of the drawer, as against the holder himself, whilst it was in his hands, whose right to sue was suspended by the agreement. Such an engagement therefore does injuriously affect the rights of the endorser, and discharges him from his liability, if made without his concurrence. The only evidence in the record

in this case, touching the agreement relied upon by the defendant, between the plaintiff and *Tongue*, the drawer, for an extension of credit, is that which is furnished by the letter of the Cashier of the plaintiff, which does not inform us upon what consideration, if any, that agreement was made; if it was for a sufficient consideration, and binding upon the plaintiff so as to restrain him from bringing suit, the defendant was thereby discharged from his liability as endorser; an agreement to receive the amount of the bill by instalments being clearly an agreement to give time; but if on the contrary it was for want of consideration *nudum pactum*, and not obligatory upon the plaintiff, his remedy was not suspended, and the endorser therefore was not discharged. And in the absence of proof of any consideration to support it, we think the Court before whom the cause was tried, erred in the unqualified instruction to the jury, that the defendant was discharged from all liability.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.