Farmers Bank of Maryland *vs.* Sprigg.

APPEAL from the Circuit Court for Baltimore city.

A bill was filed by the appellee against the appellants, to vacate for fraud as against creditors, a bill of sale of certain personal property made by Heath to Lovejoy. Answers were filed by the defendants, denying the fraud charged, a replication filed, and a commission to take testimony ordered to be issued. The complainant then applied for an order allowing him to examine the defendants as witnesses. This application was resisted by the defendants, but the court (KREBS, J.) passed the order as prayed, from which this appeal was taken by the defendants.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J., by *H. Stockbridge* for the appellants, and *Benj. C. Barroll* for the appellee.

---

# FARMERS BANK OF MARYLAND *vs.* SAMUEL SPRIGG.

Admissions and agreements made in a cause when tried *originally*, are competent and proper evidence on a subsequent trial upon a *procedendo.*

Counsel in a cause have authority to enter into an agreement permitting a judgment to be entered for the plaintiff, subject to credits to be ascertained by referees.

An agreement of counsel in an action against the *endorser* of a promissory

note, saying that *"judgment shall be rendered"* for the plaintiff, is an *admission of all facts* necessary to support the action, including *notice of protest* to the endorser.

*After* the liability of an endorser has been *fixed*, the facts that the holder exhibits the note for payment out of the assets of the deceased drawer, and pleads *limitations* to the claims of other creditors, and then voluntarily waives this plea, do not, in any respect, discharge the endorser.

After the responsibility of an endorser has been fixed, no act or dealing of the holder with the maker will discharge the endorser, except it be such an act as will defeat, impair or delay the right of the endorser, on paying the note, to recover against the maker.

The plea of limitations is not favored in the law; a party is never bound to make it, and may waive it at his option.

APPEAL from the Circuit Court for Prince George's county.

*Assumpsit* brought by the appellant, on the 23rd of March 1840, against the appellee, as *endorser* of a promissory note for $3600, drawn by Joseph Kent, payable at sixty days, and dated the 1st of November 1837. Plea, *non-assumpsit.*

At the first trial, in Prince George's *county court,* at April term 1842, the counsel for the parties entered into the agreement which is stated in the opinion of this court. A juror was then withdrawn, by consent, and the court gave judgment for the defendant, from which the plaintiffs appealed, and the *late Court of Appeals,* at its December term 1843, reversed the judgment and awarded a *procedendo,* delivering the following opinion in the case:

"The agreement, in the nature of a case stated, which is filed in the cause, expressly provides, that the judgment shall be entered for the appellants, who were plaintiffs below, the object of the agreement being to raise a question of law in relation to certain credits claimed by the defendant, and which were controverted by the plaintiffs. The case is imperfectly stated, and its present form would create some difficulty as to the proper mode in which to give the appellee the advantage of the credits, if any, to which he may be legally entitled. It is also now admitted, on both sides, by counsel, that the facts were not accurately known, and are, therefore, not satisfactorily set forth in the statement. We forbear to intimate, nor, indeed, have we investigated the case to form, an opinion upon

the points intended to be raised, but, in the expectation that the statement will be corrected, we confine ourselves, for the reversal of the judgment, to the sole reason that the judgment has been entered inadvertently for the defendant, instead of the plaintiff, as agreed on."

The case was then continued to the April term 1855, of the *circuit court* for Prince George's county, when it was tried, under the *procedendo*, upon issues joined upon the pleas of *non-assumpsit* and *payment*.

*Exception.* The defendant asked leave to amend his plea, which the court granted, and the pleas of *non-assumpsit* and *payment* were filed, and, to the order granting this leave, the plaintiffs excepted, and prayed an appeal therefrom, (this exception was, however, abandoned in this court.) The plaintiffs then offered in evidence the note sued on, and, for the purpose of proving its execution, and the handwriting of Kent, the maker, and of Sprigg, the defendant, as first endorser, and of Waring, as the second endorser, and also due and legal presentment, demand, and non-payment, and legal and sufficient notice thereof to the defendant, offered to read in evidence the agreement (which is set out in the opinion of this court) of the counsel who were engaged in the first trial of this cause, and which, it is admitted, was signed by such counsel. The defendant objected to the admissibility of this agreement for the purpose for which it was offered, which objection the court (CRAIN, J.) sustained. To this ruling the plaintiffs excepted, and, the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Alex. B. Hagner* and *Alex. Randall* for the appellants:

The agreement was competent evidence upon the second trial, under the *procedendo*. 3 *Gill*, 96, *Merchants Bank vs. Marine Bank.* 32 *Eng. C. L. Rep.*, 416, *Doe vs. Bird.* 1 *Mees. & Wels.*, 508, *Langley vs. Ld. Oxford.* 1 *Greenlf. on*

*Ev., secs.* 186, 171. 1 *Phillip's Ev.,* 74, 75, 79. 1 *Cow. Phillips,* 388. 3 *Do., notes* 192, 225, 239, 249. That the counsel in the case had authority to make such an agreement, is well settled. 4 *Md. Rep.,* 306, *Jones vs. Horsey.* 2 *Md. Ch. Dec.,* 427, *Thornburg vs. Macauley.* The judgment must be reversed according to the former decision of the Court of Appeals, because it was not entered for the plaintiffs under the agreement. The case was sent down, upon the former appeal, with directions to enter the judgment for the plaintiffs under this very agreement. There can be no valid objection to this agreement for want of mutuality, nor is it inadmissible because offered for the purpose of proving *notice* of protest to the endorser. Though it contains no distinct admission of such notice, it yet says, a *"judgment shall be rendered"* for the plaintiffs, and if every thing else were stricken from it, this would be sufficient, for it, in fact, is a *confession of a judgment.*

But it is said, that the agreement to *waive* the plea of *limitations* to the claims in the chancery suit, operated to the injury of this endorser, and affected the right of the bank to recover against him to the extent which, but for such waiver, the bank would have recovered upon this note from the estate of the maker. But this is not the law. The agreement to waive this plea was entered into by the counsel for the parties, and was assented to by the counsel for the heirs of the deceased maker, and did no injury to any one. The liability of this endorser had become *fixed.* His claim could only arise from the time he paid the note, and it is clearly settled, that no act or dealing of the holder with the maker will discharge the endorser, except such as injuriously affect his right, on payment of the note, to recover against the maker. 16 *Johns.,* 152, *Trimble vs. Thorne.* 13 *Johns.,* 87, *Crawford vs. Millspaugh.* 6 *Wend.,* 610. 8 *Pick.,* 48, *Cole vs. Cushing.* 16 *Johns.,* 42.

The plea of limitations only affects the *remedy,* and a waiver of it could be no discharge of the contract. 11 *G. & J.,* 373, *Swearingen vs. The United States.* It is, therefore, insisted, that the waiving of this plea in the chancery suit can have no

effect upon the rights of the bank to recover in this case, and that the credits to be allowed on the judgment, are such only as it has actually received, or may hereafter receive, from the estate of the maker of the note.

*C. C. Magruder* and *Thos. G. Pratt* for the appellee, argued, that there was no error in the ruling of the court below, in refusing to permit the agreement to be read:

1st. Because it does not *accurately* set forth the facts, and cannot, therefore, be held to be binding. It has been either inaccurately transcribed, or was so inadvertently entered into, that it was not regarded either by the court or the parties at the time of the *first* trial, and should not be respected at this time. The opinion of the Court of Appeals, on the former trial, clearly shows it to be a *misstatement*, and they sent the case back, *in order* that it might be *corrected*. There was no necessity to send the case back, if this agreement was to be *binding;* for *this court* could have entered the judgment for the plaintiffs without a procedendo. Again, this agreement is not reciprocal in its terms, and, therefore, not binding upon the parties, and was, moreover, inadvertently made. *Addison on Cont.*, 19, 24, 33. 6 *H. & J.*, 500, *Lammot vs. Bowly.* 1 *Wheat.*, 440, *The Hiram.*

2nd. If it is to be considered as a statement of facts still binding upon the appellee, this court cannot add or assume any fact not embraced in the statement, and the facts stated do not prove the positions which they were offered to establish, among which was that of *notice* to the endorser that the note had been duly protested. 1 *Md. Rep.*, 59, *Graham vs. Sangston.* 2 *H. & G.*, 320, *Reeside vs. Fischer.* 3 *G. & J.*, 158, *Hysinger vs. Baltzell.* 3 *Md. Rep.*, 127, *Vansant vs. Roberts.* 7 *Md. Rep.*, 352, *McTavish vs. Carroll.* 2 *Gill*, 254, *Burgess vs. Pue.* If the agreement was not admissible for *all the purposes* for which it was offered, then the court was clearly right in rejecting it.

3rd. An attorney has no authority to enter into such an agreement, and the client is not bound by it. 8 *Md. Rep.*, 186, *White vs. Davidson.* 4 *Gill*, 1, *Doub vs. Barnes.* 6

*Cowen*, 385, *Gaillard vs. Smart.* 3 *J. J. Marshall*, 532, *Givens vs. Briscoe.* Where an endorser, himself ignorant of the fact that due demand and notice had not been made, promises to give a judgment, such a promise would not be binding on him. Again, suppose the counsel agree that judgment shall be entered for the plaintiff, and the *facts* stated in the agreement show that it ought to have been entered for the defendant, which is binding, the agreement of counsel, or the *facts?*

4th. But if the agreement is operative and binding, we then insist, that the question of law raised by it is with us; that the holder of a note which has been filed by him as a claim against the estate of a deceased maker, and who has pleaded limitations to the claims of other creditors, has no right to *waive* that plea, and thereby subject the *endorser* to the payment of an additional amount on the note. 2 *Sumner's Ves.*, 540, *Rees vs. Berrington,* and *notes.* 6 *Ves.*, 805, *Gifford Ex-parte,* and *notes. Story on Bills, sec.* 425, and *notes.* 3 *Bland,* 125, *Salmon vs. Clagett.* 2 *G. & J.*, 230, *Planters Bank vs. Sellman.*

BARTOL, J., delivered the opinion of this court.

This case was originally an action brought by the appellant against the appellee, as the endorser of a promissory note drawn by Joseph Kent, dated the 1st day of November 1837, at 60 days.

At the first trial of the cause, in April 1842, there was filed in court the following agreement:

"The President, Directors & Co. of the Farmers Bank of Md., vs. Samuel Sprigg.—In Prince George's county court.

"It is admitted that the note hereto annexed, for the recovery of which these suits are brought, was duly made and signed by Joseph Kent, and endorsed by the defendants, and discounted by the plaintiffs, for the accommodation of the maker; the due and legal presentment, demand and non-payment are also admitted, and that judgment shall be rendered, to be released on payment of the amount of said note, and interest, and costs, to be credited by such dividends of the personal and

real estate of Joseph Kent as the plaintiffs have received, or may receive, the amounts to be ascertained by William H. Tuck and Thomas G. Pratt. It is also admitted, that, under a decree in chancery, the real estate of Joseph Kent has been sold for the payment of his debts, and that, amongst others, creditors, the plaintiffs filed their claim against said estate, founded on said note; that the plaintiffs pleaded limitations against certain claims of other creditors also filed under said decree; which pleas, in part, if insisted on, would have been sustained by the court, and, consequently, the dividend of the plaintiffs on said claim, out of the proceeds of sale of the real estate, would have been increased; but it is further admitted, that said pleas were withdrawn as to some of the creditors' claims by the plaintiffs, by the agreement herewith filed as part of this agreement, whereby said claims were admitted into distribution. If this court should be of opinion that the plaintiff ought to have insisted on the benefit of said pleas, and that the defendant is entitled to have a credit for the dividends on said claim, to which the plaintiffs would have been entitled in case the said pleas had been insisted on, then a further credit is to be allowed for such dividends, the amount to be ascertained by said Tuck and Pratt. Either party shall have the right of appeal.     Wm. H. Tuck, for Plffs.,

Thos. G. Pratt, for Deft.''

The agreement made in the chancery cause, which is referred to as a part of the foregoing agreement, is as follows:

"Clagett and others against Kent and others, heirs of Joseph Kent.—In chancery, December 1841.

"We mutually agree to waive all objections to the allowance, by the chancellor, of claims against the deceased, Joseph Kent, as follows, to wit.'' (Then follows an enumeration of eighty-seven claims; then a reservation and renewal of exceptions as to a number of others.) This agreement is signed by several solicitors, designating the claims represented by them respectively, and also by the solicitor for the defendants in the chancery suit. Annexed to the agreement is, also, a copy of the promissory note which was the cause of action.

Upon the filing of the agreement, a juror was withdrawn

by consent, and the court proceeded to render judgment for the *defendant.* Whereupon the plaintiff appealed, and the late Court of Appeals, at December term 1843, reversed the judgment and ordered a *procedendo.* The court say, in their opinion, "*We confine ourselves, for the reversal of the judgment, to the sole reason, that the judgment has been entered inadvertently for the defendant, instead of the plaintiff, as agreed on.*"

A trial was had upon the *procedendo,* and from the judgment which was thereon rendered for the defendant, this appeal is taken.

The exception taken by the appellant to the order of the court, allowing the defendant to amend his plea, being properly abandoned, the only question presented by the bill of exceptions is, whether it was competent for the plaintiff to give in evidence the *agreement* before stated, for the purpose of proving the execution of said note, and the handwriting of Joseph Kent, the maker thereof, and the handwriting of the defendant, as endorser, and the handwriting of Marsham Waring, the second endorser, and also the due and legal presentment, demand, and non-payment, and legal and sufficient notice thereof to the defendant. It being admitted that the agreement had been signed by the counsel in the cause at the former trial, we are clearly of opinion that the evidence was admissible for all the purposes for which it was offered. It is well settled, that admissions and agreements made in a cause when tried originally, are competent and proper evidence, on a subsequent trial, upon *procedendo.* 1 *Greenlf. on Ev., sec.* 186. 21 *Eng. C. L. Rep.,* 366. 1 *Mees. & Wels.,* 508, *Langley vs. Lord Oxford. Merchants Bank vs. Marine Bank,* 3 *Gill,* 96,

Several objections, however, have been urged by the appellee, in the argument, to the admissibility of the agreement in this case. It is contended, that the counsel in the cause had no authority to make such an agreement; but, in our opinion, the authorities are equally clear on this point. 7 *H. & J.,* 275, *Henck vs. Todhunter.* 2 *Md. Ch. Dec.,* 427, *Thornburg vs. Macauley.* 4 *Md. Rep.,* 306, *Jones vs. Horse.*

It has been argued that, being offered for the purpose of proving legal and sufficient *notice* to the defendant of the demand and non-payment of the note, it was properly rejected, inasmuch as it contains no distinct admission of that fact. This objection is conclusively answered by the decision of this cause on the former appeal. It is *res adjudicata.* The appellate court decided that the agreement entitled the plaintiff to a judgment, which, of course, amounts to an admission of all the facts necessary to support the action. If the agreement had been silent as to the defendant's admission of either the signing of the note, or its endorsement by him, or the demand and non-payment, and had begun by saying that *judgment shall be rendered,* it would still be binding; because an agreement that judgment be rendered, is an admission of liability in the suit, and a waiver of proof of the facts necessary to maintain the action.

Again, it is objected that the agreement is not reciprocal in its terms, and, therefore, not binding on the defendant, and was inadvertently made. These objections cannot be sustained. There is no proof, whatever, of any inadvertence or mistake of facts in making the agreement. On the part of the defendant, it is an admission of his liability on the note, and that the plaintiff is entitled to the judgment; and, on the part of the plaintiff, an agreement that the judgment so to be entered shall be subject to be credited "by such dividends of the personal and real estate of Joseph Kent as the plaintiffs have received, or may receive, to be ascertained by William H. Tuck and Thomas G. Pratt." If the agreement had stopped here, nothing would have remained to be done by the court, except to order the judgment to be entered upon the terms stipulated, leaving to be ascertained, by the persons selected, the actual amount to be credited for dividends received, or to be received, from Kent's estate. But the agreement goes on to state other facts, for the purpose of raising a question of law to be decided by the court; not in order to determine the plaintiff's right to a judgment, for that is admitted, but to establish a rule for the government of the arbitrators, in ascertaining the credits to which the judgment is to be subject.

Both parties submit for the decision of the court, as a matter of law, arising upon the facts stated, the question whether the defendant is entitled to be credited beyond the amount of dividends actually received, and to be received, with such additional dividends as the plaintiff would have received, or been entitled to, if the plea of limitations had been insisted on in the case pending in chancery?

This question of law does not arise upon the exceptions, but is distinctly presented in the record, and has been fully argued, and in order that the case may be finally determined, we deem it proper to express our opinion upon it, for the government of the circuit court in the further progress of the cause.

The question is simply this: Whether, after the liability of the endorser of a promissory note has been fixed, and the holder has exhibited his claim on the same note, for payment out of the assets of the deceased drawer, and has pleaded limitations to the claims of other creditors of the decedent, and voluntarily waives the said plea, the endorser is thereby in any respect discharged from his liability?

We think not. The law is well established, that when the responsibility of parties on a promissory note has been fixed, the holder may, at his option, pursue any or all of them at the same time. An omission to sue the drawer, does not discharge the endorser under such circumstances, nor does any act or dealing of the holder with the drawer, discharge the endorser from liability, except it be such an act as will defeat, impair or delay, the right of the endorser to recover against the drawer upon the payment by him of the note. 16 *Johns. Rep.*, 152, *Trimble vs. Thorne.* 13 *Ibid.*, 87, *Crawford vs. Millspaugh.* 6 *Wend.*, 610. 2 *G. & J.*, 230, *Planters Bank vs. Sellman.*

In this case the defendant had no legal right to insist upon the plaintiff's filing the claim against Kent's estate, nor, when filed, was the plaintiff bound to plead limitations against the claims of other creditors, or to insist upon the plea when made. Such a plea is not favored in the law; a party is never bound to make it, and may waive it at his option.

Its withdrawal by the plaintiff, in this case, impaired no legal claim which the defendant had, or might have, as surety against the estate of the principal debtor.

It must be observed, that the act of the plaintiff in withdrawing the plea, which is complained of, was done before the making of the agreement in this case, and when the rights and liabilities of the parties depended upon the rules of law. The case might have been varied, if there had been then existing an agreement between the plaintiff and the defendant, that the defendant's liability should be abated by the amounts of dividends received, and which might be received, from Kent's estate; the plaintiff, undertaking to pursue his remedies on the note, exclusively against the drawee in the first instance, and to the relief of the endorser. Such an agreement, by lulling the endorser into security, might impose upon the holder the obligation of strict vigilance in asserting his rights against the drawer. But, even in such case, it is not clear that he would be bound to make, or to insist upon, the plea of limitations.

In the opinion of this court, the agreement is admissible evidence in the cause, and entitles the plaintiff to a judgment, to be credited with such dividends as have been, or may be, received from the estate of Kent, to be ascertained by the persons named. And further, that the defendant is not entitled to be credited with any additional sums or dividends which might have been received by the plaintiff, if the plea of limitations had been insisted on in the chancery case.

*Judgment reversed, and procedendo awarded.*