WILLIAM D. STEWART, administrator, plaintiff in error, *vs.* WILLIAM B. PARKER, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

Indulgence by a creditor to a principal debtor, for a valuable consideration, whether with or without the knowledge of the security, discharges the latter.   To make this principle applicable, the creditor must have known, at the time of the indulgence, that the defendant setting up such discharge, signed the note as security.

Principal and security.   Discharge.   Before Judge CLARK. Sumter Superior court.   December Term, 1875.

Stewart *vs.* Parker.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

COOK & CRISP, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note, of which the following is a copy:

"SUMTER COUNTY, February 9th, 1860.

" Ten months after date we, or either of us, promise to pay to our own order, in the city of . . . $5,000 00, for value received, and with interest from date, if not punctually paid.    (Signed)    " JAMES STEWART,
" A. S. CUTTS."

The following indorsement was on the back of the note:

" Pay W. B. Parker, or order.    " JAMES STEWART,
" A. S. CUTTS."

The defendant, Stewart, filed a plea to the action, in which he alleged that he was a security on the note for Cutts, which fact was known to the plaintiff, and that when said note became due the plaintiff, in consideration that Cutts would execute to him a deed to certain lands owned by him, agreed that he would extend the time of payment of said note for twelve months from that time for the consideration aforesaid, and that said Cutts did execute and deliver said deed, all of which was without the knowledge or consent of said defendant, Stewart, whereby he claimed to be released and discharged from the payment of the note sued on.    It was proven on the trial that Cutts, on the 18th of July, 1866, executed and delivered to Parker a deed to thirty-six hundred acres of land in Florida as collateral security for the debt, in consideration of which Parker agreed to give him further time on said note to the April term of the court, 1868.    The correspondence between Parker and Cutts was read in evidence, and also the testimony of Parker, in which he denied that Stewart was security for Cutts on the note.    Cutts stated in his evidence that Stewart

was security for him on it.  In view of the evidence contained in the record, the court charged the jury "that if you believe from the evidence submitted to you in this case, that James Stewart was only security on the note sued on, and not interested in the consideration, which fact was known to the plaintiff, Parker, and after the note became due he gave the principal, Cutts, time on the same, or extended the time aforesaid for a valuable consideration, then that would discharge James Stewart's estate from all liability on said note, and you ought to find for the defendant.  If Parker took the deed submitted in evidence to the lands in the state of Florida, either as a conveyance or as collateral security, that is a valuable consideration.  Before the security can be discharged on the plea of indulgence given to his principal, the creditor must know that he is such security; the forbearance must be for a definite time and for a consideration binding in law. The indulgence must be without the knowledge or consent of the security before the security is discharged upon the plea of indulgence.  The jury must believe that the plaintiff gave indulgence to Cutts for a valuable consideration, and without the knowledge and consent of Stewart, before they can discharge the security from liability, and that Parker knew at the time that Stewart was only security."  The jury found a verdict for the plaintiff for $4,750 00.  The defendant made a motion for a new trial on the ground that the verdict was contrary to law and the evidence, and for error in the charge of the court; which motion was overruled, and the defendant excepted.

If Parker knew that Stewart was security on the note at the time the contract for indulgence for a consideration was made with Cutts, then the security would have been entitled to be discharged, under the law, but if Parker did not know, at the time of the contract with Cutts for indulgence, that Stewart was a security on the note, then Stewart would not have been entitled to be discharged from its payment.  In the first part of its charge, the court gave the law applicable to the facts of the case to the jury, substantially correctly, and if

it had stopped there we should not have interferred with the verdict, but the court did not stop there, but charged the jury, " that the indulgence must be without the *knowledge* or consent of the security before the security is discharged upon the plea of indulgence; that the jury must believe that plaintiff gave indulgence to Cutts for a valuable consideration, and without the *knowledge* and consent of Stewart, before they can discharge the security from liability." This latter portion of the charge was error. If the indulgence had been given by the plaintiff to the principal debtor for a consideration, without the *consent* of the security, the latter would have been discharged, although he had no knowledge of it at the time. It is not necessary that the security should have knowledge of the contract for indulgence for a consideration, made by the plaintiff with the principal debtor, at the time it is made and the indulgence given, to entitle him to be discharged; it is quite sufficient if it be done without the security's *consent*, whether he has knowledge of it or not. How far, and to what extent, the jury may have been influenced in making up their verdict by this erroneous charge of the court, we cannot tell, in view of the facts in the case; it may have controlled their verdict, and for that reason we reverse the judgment, and order a new trial.

Let the judgment of the court below be reversed.