(Decided 19th January 1883.)

JOHN T. DIXON *vs.* JOSEPH SPENCER, and others, trading as SPENCER, McKAY & Co.

*Action on a Guarantee—Discharge of Guarantor by giving time to the Principal.*

S. M. & Co. agreed to furnish H. certain merchandise, on a credit of thirty days, in consideration of which D. agreed to guarantee the payment of all sums of money due and unpaid by H. within said· time. The contract was in writing, under seal, and signed by all the parties. Under this contract H. became indebted to S. M. & Co. in a sum for which they took her two promissory notes, payable at sixty, and ninety days. In an action on the guarantee brought by S. M. & Co. against D., it was HELD:

That in taking the notes of the principal, and thereby extending the time of payment, without the consent of the defendant, the latter was discharged from his liability as guarantor.

APPEAL from the Circuit Court for Allegany County.

The appellees sued the appellant in an action of covenant upon an agreement under seal, the nature of which,

Dixon *vs.* Spencer, McKay & Co.

and the facts pertinent to the question involved, are stated in the opinion of the Court.

The cause was argued before ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Ferdinand Williams,* for the appellant.

*William Brace,* and *Benjamin A. Richmond,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The appellees agreed to furnish Jane A. Houck certain quantities of ale, beer and porter, on a credit of *thirty days,* in consideration of which the appellant agreed to *guarantee* the payment of all sums of money due and unpaid by her within said time.

The contract was in writing, under seal and signed by all the parties, the appellees, Jane A. Houck, and the appellant. Under this contract, Jane A. Houck, became indebted to the appellees in the sum of $263 [53] and for which they took her two promissory notes, payable at *sixty* and *ninety* days.

The main question is whether the taking of these promissory notes by the appellees discharges the appellant from his liability as *guarantor.*

It can hardly be necessary to cite authorities in support of the general principle, that where the time of payment is, without the consent of the surety, extended for a definite time, by a valid contract between the creditor and the principal, the surety is thereby discharged. The subject and the many decisions in regard to it, are fully considered and discussed in 2 *American Leading Cases,* 431. See also *Brandt on Suretyship and Guaranty,* 401.

•The surety, by his contract, merely guarantees the payment by his principal of a certain sum of money at a stip-

ulated time.   This he engages to do and no more.   Upon the default of the principal he has the right to pay the money and to proceed at once against him for indemnity. If the creditor, however, makes a new contract with the principal—takes his promissory note, payable at another and further time—he is thereby precluded from suing on the original contract until the maturity of the note, and the surety is also deprived of the right to pay the money due on his contract, the payment of which is necessary to enable him to proceed against the principal.   By his own act, the creditor has entered into a new contract with the principal, and for the time being has tied his own hands, and the hands of the surety so far as regards the original contract.   In so doing without the consent of the surety, the law says the latter shall be discharged.

This well-recognized rule of law, it is said, however, does not apply to this case, because the agreement of the appellant as guarantor is under *seal;* and the mere taking of a promissory note of the principal for the indebtedness arising on such an agreement will not in an *action at law* discharge the appellant, although the time of payment be extended.

It has been held, it is true, in England, and by some of the Courts in this country, that, to enable a surety to avail himself of this defence *at law*, the instrument on the face of it must show that he is a surety.   If it be a joint and several obligation under seal, or if a joint promissory note, he is in the one case estopped by the seal from proving by a parol instrument that his true relation is different from what appears from the face of the bond ; and in the other, parol evidence is inadmissible to change or alter the legal import of the paper itself.   *Rees vs. Berrington,* 2 *Ves. Jr.,* 540 ; *Asbell vs. Puddock,* 1 *M. & W.,* 568 ; *Depeny vs. Adams,* 9 *Yerg.,* 52 ; *Dozier vs. Lee,* 7 *Hump.,* 520 ; *Price vs. Edwards,* 10 *B. & C.,* 578 ; *Strong vs. Foster,* 17 *C. B.,* 20 ; *Bull vs. Allen,* 19 *Cowen,* 1011.

Other Courts, however, have decided that such evidence does not in any manner alter or contradict the written terms of the instrument, but merely proves a collateral fact, namely, the true relations of the parties as principal and surety in regard to which the paper is silent, and that a surety may avail himself of this defence, although the contract be under seal, and he is by the terms of it a joint obligor. See cases referred to by *Brandt on Suretyship and Guaranty*, sec. 317; *Lime Rock Bank vs. Millett*, 42 *Maine*, 258; *Greenough vs. McClelland*, 2 *El. & El.* (105 *E. C. L.*) 424; *Riley vs. Gregg*, 16 *Wis.*, 668.

This question, however, it is unnecessary to consider in this case, because all the well-considered cases agree that if it appear from the face of the paper, whether it be under seal or not, that the party is a surety or guarantor, he may avail himself of this defence in a Court of law as well as in equity.

In *Rees vs. Berrington*, 2 *Vesey, Jr.*, 541, Lord LOUGHBOROUGH said it was *the form of the security* that forced the surety into equity; that where a bond was conditioned in terms for the debt of another payable at a given day, if the obligee defeated the condition of the bond, he discharged the surety. Where, however, the parties were bound jointly and severally the surety could not aver by pleading, that he was bound as surety, although if that could be established by law, it would appear that he had an interest in the punctual fulfilment of the condition, and, if time were given, the condition would be gone and the liability of the surety at an end. The principle was a legal principle, although where the contract was direct it could only be applied in equity.

Now, in this case the agreement on its face shows that the appellant was merely a guarantor; that he was liable only on the default of Jane A. Houck to pay for the ale, beer, and porter within thirty days from the date of the

invoice. This being his undertaking, the appellees, instead of relying upon it, entered into a new contract with Jane A. Houck, the principal, and accepted her promissory notes, payable at sixty and ninety days, for the indebtedness due by her under the original agreement. In thus taking her notes and thereby extending the time of payment without the consent of the appellant, we are of opinion, that he is discharged from liability as guarantor.

Taking this view of the case, it is unnecessary to consider other questions argued at bar.

*Judgment reversed.*

(Decided 25th January, 1883.)