# THE AMERICAN IRON AND STEEL MANUFACTUR-
ING CO. *vs.* TURNER A. BEALL.

*Guaranty—Discharge of Surety by Extending Time of Payment of Debt—Silence of Surety When Notified of Extension.*

When a creditor accepts from his debtor a promissory note for the amount of the debt, then due, payable at a future time, he is precluded from suing on the original contract until the maturity of the note; and if such extension of the time of payment be made without the consent of the party who guaranteed the original debt, such guarantor is discharged from liability.

After a guarantor had agreed to one extension of the time of payment of the debt guaranteed, the creditor wrote him a letter saying that he would accept the debtor's promissory note by which the time of payment was again extended. To this letter no reply was made, and the note was accepted by the creditor. *Held*, that the guarantor was thereby discharged, since his silence cannot be construed as a consent to the extension of time.

Appeal from the Superior Court of Baltimore City (BAER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William Reynolds*, for the appellant.

The Court declined to hear *Edward I. Koontz* and *W. Thomas Kemp*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This action was brought by the appellant, the American Iron and Steel Manufacturing Company, a corporation under the laws of the State of Pennsylvania against the appellee, as guarantor of a debt on simple contract, due the appellant by the firm of Flaherty & Lande, of Baltimore City.

The defense to the action is made by a demurrer to the plaintiff's declaration, on the ground of release and discharge of the undertaking of guaranty.

The cause of action and the facts of the case are set out in the declaration and briefly stated are as follows: The defendant on the 4th of April, 1904, guaranteed to the plaintiff payment for certain goods sold and delivered to the firm of Flaherty & Lande, amounting to the sum of $2,000 for use in the Baltimore Light House, on a thirty days' credit, with one per cent discount for cash within ten days after shipment. The debt was not paid at maturity, and on July 26th, 1904, the plaintiff wrote the defendant the following letter: "We are in receipt of a letter from Flaherty & Lande asking for an extension of time on their bills of April 19th and 29th, amounting to $1,722.87. Inasmuch as you have guaranteed the account we advise that we will agree to a thirty days' extension, as they ask, if the same is satisfactory to you. Please drop us a line by early mail."

On July 27th the defendant made the following reply: "I have yours of the 26th instant, and note contents relative to the extension of account of Flaherty & Lande which is entirely satisfactory."

The declaration then states that thereafter the extension of credit was given by the plaintiff to Flaherty & Lande, but at the expiration thereof they failed to pay the bill, whereupon, after conference with them in relation thereto the plaintiff on the 30th day of August, 1904, again wrote the defendant as follows: "We had a telephone conversation with Flaherty & Lande this morning, and they asked for another extension of one month on bills of April 19th and 29th, amounting to $1,722.87. We advised them that we would accept a one month's note for the account so as not to discommode you, and also favor them. In conclusion wish to state that note will have to be met at time of maturity."

"This letter was duly mailed by the plaintiff to the defendant on the day of its date and was duly received by the defendant in due course of mail, but the defendant made no reply to it, whereby the plaintiff was induced to believe and the defendant intended to make it believe, that Flaherty & Lande's second application for an extension, being made as much for

the benefit of the defendant as for their benefit, had been made with his approval and that his failure to object thereto operated as a tacit acquiescence and consent to the granting of extension and the defendant by such silence did in fact acquiesce in and consent to the extension, and the plaintiff relying upon such acquiescence and consent by the defendant did thereafter accept from Flaherty & Lande their promissory note for the sum of $1,722.87 without interest dated August 31st, 1904, and payable thirty days after date without interest; which note was given without any new consideration therefor moving from Flaherty & Lande to the plaintiff and it has never been transferred by it except for the purpose of collection only, and it still remains in the possession of the plaintiff, but when the note matured Flaherty & Lande did not pay the same, but the same remains due and unpaid to the plaintiff."

It will be seen that the plaintiff bases its right to recover, upon two distinct grounds, first: because the second agreement for extension of time was wholly without consideration and therefore ineffectual to relieve the defendant from liability under his contract and second: because the agreement to extend time was given with the alleged acquiescence and consent of the defendant, and will not relieve him from liability.

There can be no difficulty as to the rule of law applicable to the facts of the case, as disclosed by the declaration, and for the purposes of the case are admitted by the demurrer to be true.

The principle has long since been settled, that where by a valid agreement between the creditor and principal the original contract is materially changed, or the time of payment is extended, without the consent of the surety, it operates as a release and discharge of the surety. In *Dixon* v. *Spencer,* 59 Md. 249, the rule is recognized and thus stated: "The surety by his contract merely guarantees the payment by his principal of a certain sum of money at a stipulated time. This he engages to do and no more. Upon the default of the principal he has the right to pay the money, and to proceed at once against him for indemnity. If the creditor, however, makes a new

contract with the principal, takes his promissary note, payable at another and further time, he is thereby precluded from suing on the original contract until the maturity of the note, and the surety is also deprived of the right to pay the money due on his contract, the payment of which is necessary to enable him to proceed against the principal. By his own act, the creditor has entered into a new contract with the principal and for the time being has tied his own hands, and the hands of the surety so far as regards the original contract. In so doing without the consent of the surety the law says, the latter shall be discharged."

In the present case the declaration avers that on the 30th of August, 1904, the appellant wrote to the appellee the letter herein set forth, and that thereafter the defendant did accept their promissory note, for the sum of $1,722.87, without interest, dated August 31st, 1904, and payable thirty days after date.

The acceptance of this note was an extension of time for the payment of the debt until its maturity, and the right of action to enforce the payment of the debt was thereby suspended and postponed. *Planters Bank* v. *Sellman,* 2 G. & J. 234; *Yates* v. *Donaldson,* 5 Md. 389.

The averment in the declaration that "the note was given without any new consideration and had not been transferred except for the purposes of collection and still remained in the possession of the plaintiff," cannot avail the appellant in view of the further allegation contained in the *narr.,* that the note was accepted and the time of payment of the debt was extended until its maturity.

In *Planters Bank* v. *Sellman,* 2 G. & J. 236, it was held, if the agreement to extend was for a sufficient consideration and binding upon the plaintiff so as to restrain him from bringing suit the defendant was thereby discharged. *Glenn* v. *Smith,* 2 G. & J. 512; *Lake* v. *Thomas,* 84 Md. 608; *Dixon* v. *Spencer, supra; Avirett* v. *Barnhardt,* 86 Md. 545.

The appellant's second contention, we think, is equally as untenable and without force. The defendant's silence by de-

clining to reply to the letter of the 30th of August, 1904, cannot be construed as an acquiescence or regarded as an agreement to give a further extension of time.

In *Lambert* v. *Shelter*, 71 Iowa, 463, it is said, it is undoubtedly true that that if an extension of time be granted to the principal, the surety is discharged, unless he assents thereto. Mere knowledge of such extension, without more, is immaterial.

And Mr. Brandt, in his work on Suretyship, third edition, section 379, thus states the rule: "If the surety knows of the extension at the time it is given, it is not necessary that he should object thereto, in order to entitle him to his discharge. It is not enough to bind him that he is informed and is passive. He is not required to object or protest, he must actively concur and consent to be bound by the terms of the new agreement."

And to the same effect are the cases of *Lake* v. *Thomas*, 84 Md. 608; *Riggins Exs.* v. *Brown*, 12 Ga. 271; *Stewart* v. *Parker*, 55 Ga. 656.

Finding no error in the ruling of the Court below the judgment will be affirmed.

*Judgment affirmed with costs.*