## JOSEPH BERMAN *vs.* ELM LOAN AND SAVINGS ASSOCIATION.

*Principal and Surety—Delay in Enforcing Liability of Principal Debtor—Extending Time of Payment—Pleas.*

A creditor may voluntarily forbear the prompt enforcement of his claim against the principal debtor without losing his right to resort to the surety.

In order to discharge a surety, it must be shown that the indulgence given by the creditor to the principal debtor was in pursuance of a definite agreement between them made upon a consideration, and such as would prevent the creditor from enforcing payment of the debt before the expiration of the extended time.

A surety may, as a condition of becoming such, stipulate with the creditor for diligence in enforcing payment of the debt by the principal debtor, and if, after such stipulation, the creditor fails to exercise diligence, the surety will be discharged.

Defendant was surety on a bond conditioned for the payment of a mortgage debt by a third party to the plaintiff. In an action on the bond, alleging non-payment of the mortgage, a plea is good on demurrer which alleges an agreement by the plaintiff with the defendant as a condition of his signing the bond sued on, that the plaintiff would diligently enforce payment and performance of the covenants of the mortgage, and alleging that the plaintiff had neglected to enforce such payment for about fifty weeks, whereby the mortgagor did not pay in full.

Another plea in said action alleging that the plaintiff for a moneyed consideration agreed with the debtor to extend the time of payment, sets up a good defence.

*Decided December 2nd, 1910.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and UR-NER, JJ.

*Charles F. Stein* (with whom was *M. R. Walter* on the brief), for the appellant.

*Thomas C. Weeks,* for the appellee, submitted the cause on his brief.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Baltimore City Court, in an action of debt on a bond, against the appellant as defendant below.

It appears from the record that on August 17th, 1907, the appellee corporation, which is a Loan and Savings Association, took a mortgage from Benjamin Bisko and Jacob L. Zeiter on certain leaseholds in Baltimore City to secure the repayment of the sum of $6,175 which it had loaned or advanced to them on sixty-two shares of its capital stock. By the terms of the mortgage the money advanced was to be repaid in specified weekly instalments of dues and interest to be regularly paid until each share of stock of the appellee should reach the par value of $125. The mortgage contains a covenant by the mortgagors to pay the instalments of dues and interest as they matured as well as the ground rent and taxes on the mortgaged property, and also a consent to a decree for a sale of the property after a default in any of the conditions of the mortgage had continued for eight weeks.

As additional security for the repayment, to the extent of $2,000, of the money thus advanced to the mortgagors the appellee took from the appellant Berman, his bond to it under seal for $2,000 conditioned upon the repayment of that amount of the mortgage debt.

On October 25th, 1909, the appellee instituted the present action, of debt on the bond, against Berman alleging that, although more than two thousand dollars of the mortgage debt was due, the mortgagors had paid but eight hundred and twenty-three dollars and forty-three cents, on account thereof, and claiming the balance of the $2,000 from him.

Berman as defendant pleaded payment and four special pleas. The plaintiff joined issue on the plea of payment and demurred to the other pleas.

The special pleas all rely for a defense to the action on the alleged forbearance or neglect of the mortgagee to insist upon the payment of the instalments of the mortgage debt when they fell due, averring that the dues and expenses which the mortgagors covenanted to pay had been allowed to accumulate without payment for about fifty weeks, to the amount of about $2,000 which but for such conduct on the part of the appellant would have been paid.

The second plea, which is the first of the special ones, sets up and relies upon an agreement by the plaintiff with the defendant, as a condition for his signing the bond sued on, "that it would diligently enforce payment and performance" of each of the covenants of the mortgage and avers that it had neglected to enforce such payment and performance for about fifty weeks whereby the mortgagors were excused from paying and did not pay more than two thousand dollars.

The third plea avers that the plaintiff without the knowledge or consent of the defendant materially altered the terms and conditions of the mortgage in that it from time to time extended the time for payment and performance of the covenants and conditions thereof during which time, save for such alteration, the mortgagors would have paid two thousand dollars on account of the mortgage.

The fourth plea simply sets up a failure on the part of the plaintiff to diligently enforce the payment and performance of the covenants and conditions of the mortgage with a resultant loss of its mortgage security to the extent of more than $2,000.

The fifth plea alleges a material alteration by the plaintiff, without the knowledge or consent of the defendant, of the terms and conditions of the mortgage in that it, for a good and valuable consideration in money to it from the mortgagors, from time to time extended the time for the payment and performance of the covenants and conditions of the mortgage whereby the mortgagors did not pay to the plaintiff the sum of about two thousand dollars which, but for the said alteration, they would have paid.

The Court below sustained the demurrer to all four of the special pleas, whereupon the defendant with leave of the Court filed two additional pleas, designated the sixth and seventh.

The sixth plea averred, in greater detail than had been done in the previous ones, that the alteration of the terms and conditions of the mortgage had been accomplished through the making of an agreement by the plaintiff, without the defendant's knowledge or consent, extending the time of payment of the mortgage debt. The seventh plea set up the defense of *ultra vires,* insisting that the bond was void because the plaintiff, having been incorporated as a Homestead or Building Association under Article 23 of the Code, possessed authority to lend or advance money to its stockholders only upon the security of mortgages on real or leasehold property or pledges of its stock and not upon the bonds of individuals.

The plaintiff demurred to the sixth and seventh pleas and the Court sustained the demurrer whereupon the case was tried before the Court without a jury. The trial resulted in a verdict and judgment for the plaintiff and the defendant took the present appeal.

There is no doubt that the law permits a creditor to voluntarily forbear the prompt and vigorous enforcement of his demands against a principal debtor without losing his right to resort to the surety. *Sascer* v. *Young,* 6 G. & J. 248; *Freaner* v. *Yingling,* 37 Md. 491; *Taylor* v. *State,* 73 Md. 217; *Gray* v. *Farmers Natl. Bank,* 81 Md. 631; *McShane* v. *Howard Bank,* 73 Md. 155; *Lake* v. *Thomas,* 84 Md. 623. In order to exonerate a surety from his liability it must be shown that the indulgence given by the creditor to the principal debtor was in pursuance of a definite agreement between them, resting upon a valid consideration, and of such a character that it would estop the creditor from enforcing the payment of the debt before the expiration of the extended time. *Obendorff* v. *Union Bank,* 31 Md. 131; *Hayes* v. *Wells,* 34 Md. 515; *Warner* v. *Williams,* 93 Md. 521; *American Iron Co.* v. *Beall,* 101 Md. 425.

In *Dixon* v. *Spencer,* 59 Md. 249, the law upon this subject as applicable to the facts of that case was recognized and thus stated: "The surety by his contract merely guarantees the payment by his principal of a certain sum of money at a stipulated time. This he engages to do and no more. Upon the default of the principal he has the right to pay the money, and to proceed at once against him for indemnity. If the creditor, however, makes a new contract with the principal, takes his promissory note, payable at another and further time, he is thereby precluded from suing on the original contract until the maturity of the note, and the surety is also deprived of the right to pay the money due on his contract, the payment of which is necessary to enable him to proceed against the principal. By his own act, the creditor has entered into a new contract with the principal, and for the time being has tied his own hands, and the hands of the surety so far as regards the original contract. In so doing without the consent of the surety the law says the latter shall be discharged."

It is also well settled that the surety may, as a condition of becoming such, stipulate with the creditor for diligence and activity on the part of the latter in enforcing payment of the debt by the principal debtor and if, in the face of such a stipulation, the creditor fail to exercise diligence and activity the surety will be discharged. *Freaner* v. *Yingling, supra.* Such a stipulation might with propriety be inserted in the bond as a condition of the surety's obligation or, if the bond be silent upon the subject, the stipulation might be made by an independent and collateral agreement contemporaneously with or as preliminary to the bond, provided it did not conflict or interfere with the terms thereof. *McCreary* v. *McCreary,* 5 G. & J. 157-8; *Creamer* v. *Stephenson,* 15 Md. 211; *Bashor* v. *Forbes,* 36 Md. 166; *Stallings* v. *Gottschalk,* 77 Md. 433.

Considered in the light of the familiar legal principles to which we have adverted, some of the special pleas before us will be found to be good while others must be regarded as defective.

The alleged facts, set up in the second plea, of a stipulation by the plaintiff, as a condition of the defendant's signing the bond, that it would diligently enforce the payment of the mortgage debt, and its failure to perform that stipulation would under the cases cited by us constitute a good defense to the action if they were proven to the satisfaction of the jury. That plea was therefore a good one.

The third and fourth pleas, which in effect relied merely upon the failure of the plaintiff to diligently enforce the performance of the covenants and conditions of the mortgage, were bad because mere inactivity or delay on its part in that respect would not discharge the defendant as surety on the bond. The third plea at first sight seems to rely on an alleged alteration by the plaintiff of the terms of the mortgage but upon closer inspection it appears that the alteration is alleged to have consisted of a voluntary abstention by the

plaintiff from enforcing the payment of sundry instalments of the mortgage debt as they from time to time matured.

The fifth and sixth pleas set up an alleged alteration for a valuable consideration by the plaintiff of the terms of the mortgage, by means, as alleged in the fifth plea, of a consummated extension for a monied consideration of the time of payment of the mortgage debt and, as alleged in the sixth plea, of an executed agreement made for a valuable consideration for such an extension. Whatever might have been the effect of an attempt to modify the terms of the mortgage, which is required by law to be a written instrument under seal, by an executory parol contract, an executed agreement of that character such as is set up in the pleas under consideration was available to the surety as a defense to the present suit. *George* v. *Andrews,* 60 Md. 26; *Chilton* v. *Brooks,* 72 Md. 554; *Lake* v. *Thomas, supra; Nicholson* v. *Schmucker,* 81 Md. 465; 20 *Cyc.* 302.

As the appellant has not insisted upon or even mentioned his seventh plea in his brief we deem it sufficient to say that we find no error in sustaining the demurrer as to that plea.

For the error of the learned Court below in sustaining the demurrers to the second, fifth and sixth pleas the judgment appealed from must be reversed and a new trial awarded.

> *Judgment reversed with costs and new trial awarded.*