ELHANAN GAY v. WILLIAM S. MOSS, W. H. BUTTRICK, AND W. S. FITCH.

PLEDGE OF PERSONAL PROPERTY.—Where a *chose in action* is assigned and delivered as collateral security for the payment of a debt due the assignee, the assignment and delivery to the assignee of the *chose in action*, are necessary to give the latter full authority to readily control the security and make it available, but this does not necessarily constitute the transaction a chattel mortgage as distinguished from a pledge. Upon the facts in this case, the transaction was a pledge.

SALE OF PLEDGE BY PLEDGEE.—The pledgee of a *chose in action*, pledged as security for the payment of a debt, is not authorized to sell the pledge without calling on the pledgor to redeem, and giving him reasonable notice of his intention to sell.

IDEM.—In such a case, it may well be doubted whether the pledgee of a contract, for the payment to the pledgor of a much larger sum of money than the debt due to the pledgee from the pledgor, was not bound to collect the amount due on the contract and reimburse himself out of the proceeds.

IDEM.—Where, without calling on the pledgor to redeem, the pledgee sold the pledge—a *chose in action*—this was a conversion of the pledge, and the pledgee thereby became liable, in an action for the conversion, for the value of the pledge at the time of the conversion in excess of his demand secured by the pledge, with legal interest thereon from the time of the conversion.

FINDINGS OF FACT AND CONCLUSIONS OF LAW.—Where, by the admissions of the pleadings and the other facts found by the Court, it appeared that the assignment and delivery of a *chose in action* was a pledge, instead of a mortgage thereof, the finding, as of a fact, by the Court, that it was a mortgage, and not a pledge of the property, is but the statement of a legal conclusion.

FILING OF FINDINGS BY THE COURT.—The Court, when trying a cause without a jury, is authorized to file written findings, in the first instance, whether demanded or not.

IDEM—EXCEPTIONS TO FINDINGS.—Where the record only disclosed the filing of findings of fact by the Court, written findings having been requested by the plaintiff at the trial, and that, sixteen days after such filing, the plaintiff filed and served his exceptions to such findings as defective, which filing and service

the record alleges was " in due time," and it nowhere appeared at what time, or
if ever, written notice of said findings had been given or received : *held*, that
such filing and service of exceptions must be deemed to have been made within
time, as prescribed in the one hundred and eightieth section of the Practice Act.

FINDINGS OF FACT—WHEN CONCLUSIVE.—Where the respondent had not excepted
to the findings of fact filed by the Court below, or moved for a new trial on the
ground that the findings were unsupported by the evidence or otherwise, they
became facts in the case, and cannot be questioned by respondent on appeal.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

This was an action to recover the value of a certain con-
tract alleged to have been converted by defendants Moss
and Buttrick, or by defendant Moss. From the admissions
of the pleadings and the facts as found by the Court below,
it appeared that the facts of the case were as follows : On
the 21st of May, 1862, plaintiff made a written contract with
certain parties to build them a macadamized road, in San
Francisco County, for a stipulated sum. To carry on the
undertaking he formed a partnership with one J. H. White,
who took personal charge of the management and expense
of the work, and for his security received from the plaintiff
an assignment and delivery of said contract, and the money
to become due thereunder, from the owners of the road.
This contract White subsequently, on the 16th of October,
1862, assigned and delivered to defendant Moss, by an
instrument which was an absolute conveyance in terms, but,
as admitted in the pleadings, was only intended as a pledge to
secure to Moss the payment of three thousand one hundred
dollars, with interest thereon from November 16th, 1862, at
the rate of three per cent per month, said money having
been loaned by said Moss to said White to pay part of the
expenses of the work alluded to. On the 17th of June,
1863, defendant Moss, through defendant Buttrick acting as
his agent, subsequently, to wit: June 17th, 1863, sold and
assigned said contract absolutely and delivered to defendant
William S. Fitch, for a consideration of six thousand dol-
lars, at private sale, and without giving said White or plain-

tiff any notice of said sale. At the time of such sale there was due to Moss from White, on said note of three thousand one hundred dollars, for principal and interest, the sum of three thousand seven hundred and fifty-four dollars and ten cents; and at this time, June 17th, 1863, as the Court found, the contract thus sold was worth the sum of eight thousand dollars. On the fifteenth day of August, 1863, said White assigned and transferred, by written instrument under seal, the said contract, all his interest therein and the rights thereto belonging, back again to plaintiff, who brought this action to recover said contract from the defendants, or its value from defendant Moss, as it stood on the said 17th of June, 1863, less the said sum then due Moss from White, together with legal interest on said balance from the last named date.

Upon the coming in of the answer of defendant Fitch, the plaintiff discontinued the action as to him. The Court found as a fact that said assignment of said contract from J. H. White to defendant Moss was a mortgage and not a pledge, but, also, found separately the specific facts constituting the transaction. In the Court below defendants Moss and Buttrick had judgment.

After the filing of findings of fact by the Court, in the first instance, the plaintiff filed certain exceptions thereto, on the ground that the same were defective in certain particulars specified; whereupon the Court filed certain additional findings of fact.

The plaintiff moved for a new trial upon the grounds: first, that said finding of the Court, to wit: "that said assignment of said contract from J. H. White to defendant Moss was a mortgage and not a pledge," was against the pleadings and the evidence; and second, that upon the admissions of the pleadings and the facts as found by the Court, the plaintiff was entitled to judgment. The motion was heard upon a settled statement of the evidence and said findings, and by the Court denied; and from the order denying the same and said judgment the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. W. Winans*, for Appellant, argued:

That by the admissions of the pleadings and the facts found by the Court, it is conclusively established that the assignment of the contract by White to Moss was a pledge and not a mortgage, as declared by the Court below. That, as a pledge, ownership of the contract continued in White, the pledgor, and Moss only held it as a security for the payment of his demand arising upon the note for three thousand one hundred dollars against White, and was bound to account to plaintiff, to whom White had assigned his interest in the contract, for all profits accruing to Moss on the contract over and above the amount due on said note; or in case of a sale of the contract by Moss, without the consent of White or plaintiff, or notice to either of them to redeem, as the record shows to have been the fact, he thereby converted the property to his own use, and became liable to plaintiff, the owner, for its value at the time of the conversion, less the amount due on said note, with legal interest on the balance thus ascertained from the time of conversion; and cited *Douglass* v. *Krafts*, 9 Cal. 562; *Dewey* v. *Bowman*, 8 Cal. 151; *Hunsaker* v. *Sturgis*, 29 Cal. 145; *Dykers* v. *Aylstyne*, 7 Hill, 498; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 100; Edw. on Bail. 251; *Swift* v. *Mosely*, 10 Vt. 208; *Stearns* v. *Marsh*, 4 Denio, 227; *Vincent* v. *Conklin*, 1 E. D. Smith, 212. That the distinction between a mortgage and a pledge of personal property, asserted by the Court below, is ill founded; and cited Story on Bail. Sec. 122; *Stanley* v. *Gaylord*, 1 Cush. 550; *Galvin* v. *Bacon*, 2 Fairf. 30, 31; *Sargent* v. *Gile*, 8 N. H. 325; Edw. on Bail. 248. And as to what will constitute a conversion, cited Edw. on Bail. 226, 189, 198, 201; *Wheeler* v. *Newbould*, 16 N. Y., 2 Smith, 396. As to measure of damages to which plaintiff is entitled upon the facts as claimed by appellants, he cited Sedg. on Meas. of Dam. 366, 488–9, 500–1; *O'Donoghue* v. *Corby*, 22 Mo. 393; *Meukens* v. *Meukens*, 23 Mo. 252; *Alsager* v. *Close*, 10 Mees. & Wels. 576, 583; *Mercer* v. *Jones*, 3 Campb. 476; *Ingals* v. *Lord*, 1

Cowen, 240; *Ledyard* v. *Jones*, 3 Selden, 552, and cases there cited; *Thomas* v. *Waterman*, 7 Metcalf, 230; *Wilson* v. *Little*, 2 Comstock, 443; *Stearns* v. *Marsh*, 4 Denio, 227; *Delegal* v. *Naylor*, 7 Bingh. 460; *Romig* v. *Romig*, 2 Rawle, 241. That, as touching the question of the allowance of interest, by way of damages, from the time of the sale or conversion, in addition to the case of *Douglas* v. *Krafts*, 9 Cal. 562, the rule, as claimed by appellant, is further sustained by *Polk* v. *Allen*, 19 Mo. 467; *Ryburn* v. *Pryor*, 14 Barb., Ark., 505; *Culter* v. *Funning*, 2 Iowa, 580; *Hayden* v. *Bartlett*, 35 Maine, 203; *Ewing* v. *Blount*, 28 Ala. 594; *Wilson* v. *Conine*, 2 Johns. 280; *Bissell* v. *Hopkins*, 4 Cowen, 53; *Stevens* v. *Low*, 2 Hill, 133; *Dillenbach* v. *Jerome*, 7 Cowen, 294; *Buford* v. *Fannen*, 1 Bay, S. C., 273.

*A. H. Griffith*, for Respondents.

1. Upon appellant's own statement of the case, he has no cause of action, whatever might have been the case had the action been brought in the name of White. What was it that the plaintiff, Gay, purchased from White, by the assignment under which he claims? It was not the security or pledge which had been delivered to the defendant Moss, because that, as he alleges, had been converted long before he took his assignment from White. It was not a thing of which White had delivered, or could deliver, the possession. It was a mere right to recover against the defendant Moss, *for a breach of duty*, and a right to enter into a Court and litigate, and enforce, if he could. It was only the right to recover for a tort.

2. That there was no conversion, in law or in fact. Was the assignment by White to Moss a mortgage or a pledge? The assignment is absolute and unqualified. But it is charged in the complaint, and admitted in the answers of Moss and Buttrick, that it was made to secure the debt of three thousand one hundred dollars, and interest. It, then,

17

by the uniform decisions of California, was a mortgage. In *Dewey* v. *Bowman*, 8 Cal. 145, the assignment is upon a copy of an application, which application itself says it was made for securing said Bowman the payment of the note. This, the Court held, was a pledge; the title was not conveyed to the pledgee. So, in *Mason* v. *Little*, 2 N. Y., Coms., 446, the bond or note recited " *having deposited with them, as collateral security.*" The debt itself declared the stock was deposited as collateral, and shows the object and intention of the parties. *Polhemus* v. *Trainer*, 30 Cal. 686, was the assignment of a lease absolute, in security for three hundred dollars borrowed. The Court held this a mortgage, and that by it the mortgagee acquired no right to the rents arising from said lease. His only remedy was by foreclosure and sale of the leasehold estate of the defendant.

In the present case, the assignment by White to Moss was absolute. For the consideration of three thousand one hundred dollars, he assigns, transfers, and delivers to Moss said contract, with all the rights, privileges, and benefits, and the present legal title passed to and became invested in Moss, subject, however, to be revested in White, his heirs or assigns, upon the performance by him or them of an express condition subsequent. This defeasance redeemed the absolute nature of the assignment, and by legal intendment made it a mortgage. Moss, his heirs or assigns, had a special property in the contract co-extensive *with* his debt, as owner *pro tanto a jus in re*, to the extent of three thousand one hundred dollars, and interest, and, as far as that right extended, could sell it absolutely, or could pawn, or could assign it. White, his heirs or assigns, had then right of redemption, and could redeem at any time before that right is foreclosed by judicial sale, or by sale after due notice; and hence a sale, either by judicial sentence or by due notice, cuts off the right of redemption—and this is the object of such sales. An assignment, however, is only a change of creditors, and, correctly speaking, there can be no such thing as a conversion of security until the pledgee or

mortgagee, by some act, surprises the pledgor or mortgagor of the right of redemption of the specific article or property otherwise than by legal sale. This was the agreement entered into by White when he borrowed the money. (*Chapman* v. *Brooks et al.*, 31 N. Y. 75.)

3. When there is an actual transfer of the goods by a deed or other legal conveyance by way of mortgage, there is no question that the mortgagee may assign over the goods, and the assignee will be entitled to hold them against the mortgagor until the mortgage debt, originally contracted, is paid. A legal, although a defeasible title, is vested in the mortgagee, and to the extent of that title his assignment is operative and valid, and cannot be restricted by the mortgagor, even although the mortgagee shall have assumed to convey an absolute title. (Story on Bail., Sec. 327, p. 270.) The doctrine in New York is, that the mortgagee of a personal or chattel mortgage acquires an absolute title in the chattels, upon the failure of the mortgagor to perform the conditions of the mortgage. (*Burdeck* v. *McNanner*, 2 Denio, 181; *Fuller* v. *Acker*, 1 Hill, 475; *Wilson* v. *Little*, 2 N. Y. 443. See, also, *Williams* v. *Rogers*, 7 Mo. 556; *Robinson* v. *Campbell*, 8 Mo. 366; *Thornhill* v. *Gilmer*, 4 Sm. & Marsh. 153; *Hall* v. *Snowhill*, 2 Gr. 9–18.)

By the Court, Sawyer, J.:

Upon the allegations of the complaint and admissions in the answer, and also upon the facts as found by the Court, we think Moss held the contract assigned and delivered to him as security for the payment of the note for three thousand one hundred dollars, as a pledge, and not as a chattel mortgage. The complaint avers that the contract was assigned and delivered "to be by him held as collateral, to secure the payment of the said note and interest as aforesaid," and the allegation is repeated in various forms, and in one place the averment is: "that said assignment from said White to defendant of said contract was a pledge thereof,

as security for the payment of said note for three thousand one hundred dollars, and interest," etc. These allegations are admitted by the answer. The assignment was absolute in form, but the thing assigned is a *chose in action*, and the assignment and delivery are necessary to give the pledgee the full authority to readily control it, and afford a prompt means of making the pledge available. For these reasons the fact that the title passes in form by the assignment, in case of a *chose in action*, does not necessarily make it a mortgage. It is a pledge upon the facts disclosed, within the principles declared in *Dewey* v. *Bowman*, 8 Cal. 151; *Wilson* v. *Little*, 2 N. Y. 443; and *Campbell* v. *Parker*, 9 Bos. 326. (See, also, Edwards on Bailment, 251.) The District Court erred in regarding the transfer of the contract as a mortgage, and, as a consequence of this fundamental mistake, other errors resulted. It may be doubted whether Moss was authorized to sell a pledge of this character at all —whether he was not bound to collect the amount due on the contract, and reimburse himself out of the proceeds. (*Wheeler* v. *Newbould*, 16 N. Y. 393.) But, however this may be, he was not authorized to sell without calling upon White to redeem, and giving him reasonable notice of the intended sale. (*Stearns* v. *Marsh*, 4 Denio, 229.) This he did not do, and his sale of the pledge in the manner found was a conversion, for which he is clearly liable. (*Campbell* v. *Parker*, 9 Bos. 326, and cases cited.)

At the time of the sale the value of the contract was found by the Court 'to be eight thousand dollars. There was at the time due Moss on the three thousand one hundred dollar note, three thousand seven hundred fifty-four dollars and ten cents, as found by the Court. The amount for which Moss is liable on the conversion, is the value of the pledge eight thousand dollars, less three thousand five hundred seventy-four dollars and ten cents, the amount due him, and interest on said balance from the date of the sale, June 17th, 1863, at the rate of ten per cent per annum. (*Douglass* v. *Krafts*, 9 Cal. 562.)

We have no doubt the right of action passed to plaintiff by the assignment from White, and that plaintiff is entitled to recover in this action.

All the necessary facts appear from the admissions of the pleadings and findings of the Court. The finding that the assignment and delivery of the contract was a mortgage, and not a pledge, although stated as a finding of fact, is, in view of the other facts found, and, also, of the facts admitted in the pleadings, the statement of a conclusion of law. There is, therefore, as the District Court suggests in its opinion denying a new trial, no reason why this Court should not direct the proper judgment to be entered in the case.

The judgment is reversed, and the District Court directed to enter judgment against defendant, Moss, for the balance, after deducting the amount found due said Moss, viz : three thousand seven hundred fifty-four dollars and ten cents, from the value of the pledge, viz : eight thousand dollars, and interest thereon from June 17th, 1863, the date of the sale, at ten per cent per annum.

By the Court, SAWYER, J., on petition for rehearing :

Respondent's counsel, in his petition for rehearing, bases his whole argument upon the hypothesis, that the further findings, made by the Court in response to plaintiff's exceptions for defects in the original findings, were filed without authority of law, and that they are, therefore, nullities, and constitute no part of the record. He claims that the findings upon which the decision turned are improperly in the record ; firstly, because no written finding was demanded by the plaintiff; and secondly, because the exceptions for defects were not filed in time, and, being filed too late, the original findings were conclusive, and the Court had no authority to supply the defects in response to the exceptions. The Court was undoubtedly authorized to file written findings in the first instance, whether demanded or not, and it did, in fact, file them. But suppose it were otherwise ; neither of these

objections find any support in the record, and for this reason they were not noticed in the opinion, although urged in respondent's brief on the former hearing. These groundless objections are now made the basis of the entire argument in the petition for rehearing. The record states expressly that " said plaintiff, having duly requested a finding in writing therein," the Court subsequently, " on the 29th of December, 1866," rendered and duly filed the following findings of fact and conclusions of law. " Plaintiffs thereupon, to wit, on the —— day of January, 1867, and in due time, duly filed and served notice of the following exceptions for defective findings." The date of filing does not appear here, but it is said to be " *in due time.*" In another part of the record the service of notice of exceptions, and of filing, appears to have been on the 14th of January, 1867, which was sixteen days after the filing of the finding on the 29th of December.

But under section one hundred eighty the plaintiff was entitled to file and serve his exceptions within five days *after receiving from, or giving to,* the adverse party *written notice* of the findings." It nowhere appears when written notice of the findings was given or received, or whether it was ever given. Notice may well have been given within five days of the 14th of January. If so, the filing and serving of the exceptions were " in due time," and the record says they were " in due time." This is conclusive, and the subsequent findings in response to plaintiff's exceptions affirmatively appear to be in all respects regular.

We have nothing to do with the evidence on this appeal, and the facts as found by the Court, and not as alleged by the answer, must be taken as the real facts of the case. On these facts it appears, not as respondent assumes, that defendant Moss assigned his three thousand one hundred dollar note, delivered the pledge with it as an incident to, and security for, the note, but, on the contrary, that " defendant Moss sold and assigned said contract (Exhibit A—the pledge) to William S. Fitch for the sum of six thousand dollars," etc., and " that the consideration of said sale and

assignment to said Fitch received by said Moss was [not the amount due on the three thousand one hundred dollar note, but] six thousand dollars, to wit: two thousand dollars in cattle and four thousand dollars in notes bearing interest and secured by a mortgage." The Court also finds, that, at this time, there was only "due from said White to said Moss on said three thousand one hundred dollar note the principal thereof, three thousand one hundred dollars, and six hundred fifty-four dollars and ten cents interest—making an aggregate of three thousand seven hundred fifty-four dollars and ten cents." Whereas Moss sold the pledge itself (not the note and his interest in the pledge) for six thousand dollars. If he only sold the note, it must have been considerably above par, which is not usual in the case of notes of private parties. It nowhere appears that the three thousand one hundred dollar note was ever assigned to Fitch. The contrary is the plain and necessary inference from the other facts found. The Court also finds that Buttrick and Moss had been paid off all their demands for completing the contract, and that nothing was due from White, except the said sum due on said three thousand one hundred dollar note; that Buttrick held the pledge for Moss, and Moss, although he ostensibly sold in the name, and as the attorney of Buttrick, was in reality acting for himself. This sale of the pledge was clearly a conversion, as we held on the former hearing. Whatever the facts may be, the Court also found the value of the contract (the pledge) at the time of the sale and conversion to be eight thousand dollars—and that the balance, after deducting the three thousand seven hundred fifty-four dollars and ten cents due on the three thousand one hundred dollar note, belonged to White. The respondent did not complain of these findings, or move for a new trial on the ground that they were unsupported by the evidence, or otherwise. They are, therefore, facts in the case which cannot now be questioned by him.

The respondent, in his petition for rehearing, has also labored to show, that the common law mortgage of personal

Statement of Facts.

property, like mortgages of realty, has lost its ancient character, and become assimilated in all its legal incidents to a pledge. We do not perceive for what end; for, if this be conceded, it is so much the worse for him. If a mortgage, as claimed by him, is in modern law to be treated in all respects as a pledge, then the District Court was certainly wrong, for it held the transaction to be a common law mortgage, strictly governed by the principles of common law, and it is only upon this theory that there could be any possibility of upholding the judgment of the Court below.

Rehearing denied.

Mr. Justice RHODES expressed no opinion.