[No. 9235.  Department One.  March 7, 1911.]

H. C. KRACHT et al., Appellants, v. EMPIRE STATE SURETY COMPANY, Respondent.[1]

PRINCIPAL AND SURETY—OBLIGATION OF SURETY—CONTRACT. There is no liability on a surety bond guaranteeing the performance of a building contract, where the parties had entered into, and the building was completed under, a new contract materially different calling for larger payments to the contractor during the progress of the work.

Appeal from a judgment of the superior court for King county, Gay, J., entered May 12, 1910, granting a nonsuit in an action upon a surety bond. Affirmed.

John E. Ryan and E. M. Stanton, for appellants.

John P. Hartman, for respondent.

[1]Reported in 113 Pac. 773.

MOUNT, J.—This action was brought to recover upon a surety bond, for failure of a contractor to comply with his contract to construct a dwelling house for the plaintiffs. The case was tried to the court without a jury. At the close of the plaintiffs' evidence, the court dismissed the action, and the plaintiffs have appealed.

It appears that, on the 9th day of March, 1909, the plaintiffs entered into a contract with H. C. Burton, by the terms of which contract Mr. Burton agreed to furnish the material and construct a dwelling house for the plaintiffs upon a certain lot in the city of Seattle, for the price of $2,185. The contract provided, among other things, that during the construction of the house, the plaintiffs were to pay to Mr. Burton $500. The house was to be finished and final payment made ninety days after the date of the contract. After the contract had been executed in duplicate by the parties, each one taking a copy, the plaintiffs concluded that they desired a surety bond for the faithful performance of the contract, and notified Mr. Burton to that effect. A week or ten days after the execution of the contract of March 9, the plaintiffs and Mr. Burton entered into a new contract for the construction of the same house covered by the former contract. This latter contract was dated March 10, 1909, and contained the same provisions as the former one, excepting that it required the contractor to furnish a bond in the sum of $500, and provided that the plaintiffs should pay labor bills amounting to $700 during the course of construction, and that final payment should be made within ninety-five days after the contract was completed.

Mr. Burton procured the bond sued upon, which bond referred to and made the contract of March 9 a part of the bond. No mutual mistake in the issuance of the bond was proven. It recites specifically that it was given to secure the contract entered into on March 9, 1909, between the plaintiffs and Mr. Burton. It was the duty of appellants to know that the bond secured the contract under which the house was

built. There is no evidence in the record to show that the surety company intended to secure the contract dated March 10, 1909, which was materially different from the one named in the bond, and there is no evidence to show that the surety company knew anything about the later contract. The building was constructed under the terms of the later contract, and more money was paid to the contractor during the progress of the work than was agreed to be paid under the contract secured by the bond. It is clear, therefore, that there was no liability upon the bond, for "the surety is only bound to the extent and in the manner and under the circumstances he consented to become liable." *Friendly v. National Surety Co.*, 46 Wash. 71, 89 Pac. 177, 10 L. R. A. (N. S.) 1160.

The judgment must therefore be affirmed.

DUNBAR, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.