[No. 17597.    Department One.    February 10, 1923.]

NORTHERN BANK & TRUST COMPANY *et al, Appellants,* v.
SLATER, WATT & COMPANY *et al., Respondents.*[1]

BILLS AND NOTES (90)—PAYMENT—RIGHTS AND LIABILITIES ON
PAYMENT—COLLATERAL.  Where one of the makers or endorsers of
a note signed the same in reliance on collateral security pledged
to the payee, and thereafter tendered payment of the note, he is
entitled to a surrender of the collateral.

PLEDGES (11)—RECOVERY OF PROPERTY BY PLEDGER ON PAYMENT.
Where the payee of a note knew that one of the makers had
signed in reliance upon collateral security pledged to the payee,
and without such maker's consent, diverted the collateral and could
not deliver it on payment of the note, it was guilty of a conversion.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 25, 1922, upon
findings in favor of the defendants, in an action on a
promissory note, tried to the court.    Affirmed.

*Tennant & Twitchell,* for appellants.

*Roberts & Skeel (Frank A. Steele,* of counsel), for
respondents.

MACKINTOSH, J.—The respondent P. H. Watt was
one of the stockholders of the corporation known as
Slater, Watt & Company.  In 1912, this company exe-
cuted a note to the Northern Bank & Trust Company,
indorsed by respondent Watt, and deposited with it as
collateral security a note and mortgage which will be
referred to as the Agren note and mortgage.  The
Agren note and mortgage were the property of the
corporation and were specifically mentioned and de-
scribed in the note as having been deposited as col-
lateral security to it.  In 1913, respondent Watt dis-
posed of his stock in Slater, Watt & Company.  The
original note to the appellant had been renewed from

'Reported in 212 Pac. 1063.

time to time until in 1916 a new note was given for
$3,500, being the note here in suit, which was indorsed
by the respondent Watt. This note, like the original
one, recited the pledge of the Agren note and mort-
gage as collateral security for its payment.

The testimony shows that the bank knew that the
Agren note and mortgage were the property of Slater,
Watt & Company, and that the respondent Watt was
no longer a stockholder in the company at the time
this latter note was made, and that his name appeared
upon the note in reliance upon the collateral securing
it. While the bank held the Agren note and mortgage,
the bank and Slater, without the knowledge or consent
of the respondent Watt, agreed that the note and mort-
gage might be held by the bank as collateral security
for a personal indebtedness of Slater. While the bank
was holding the Agren note and mortgage, they were
assigned by it to the president of the bank for the pur-
pose of beginning an action thereon, which was done
and a judgment recovered. The judgment was never
re-assigned to the bank by its former president, who
subsequently died.

In 1917, demand was made upon Watt for the pay-
ment of the note. He tendered payment and demanded
delivery of the collateral or the judgment into which
the collateral had been converted. The bank refused
to deliver the collateral or the judgment for the reason
that the bank was claiming to be entitled to hold the
collateral as security for the Slater indebtedness, and
for the further reason that the judgment being in the
name of a former president of the bank and not having
been re-assigned to the bank, it was not in position to
transfer the judgment to the respondent Watt upon his
payment of the note. This original tender and demand
were repeated some three or four times subsequently,
with the same result.

The trial court found, and the testimony sustains it, that the collateral, at the time respondent Watt tendered payment of the note, was of equal value with the amount of the note and interest then due, and held that this action to recover against respondent Watt on the note could not be maintained.

As we take it, it is immaterial to determine whether Watt was a maker, indorser, accommodation indorser or surety on the note, for his rights, in any event, as far as the issue before us is concerned, are the same. He was entitled, upon the payment of the note, to the delivery to him of the security collateral to it, and the withholding of such collateral security was, as to him, a conversion, and if the collateral so withheld was of equal or greater value than his liability upon the note, he was discharged from such liability. The bank, by putting the collateral security out of its control, either by assigning it to a third party or by accepting it as a pledge for the payment of the indebtedness of someone to whom the collateral did not belong, and put it out of its power to deliver it on payment of the debt, has committed an act of conversion. Watt's liability terminated upon his making a tender coupled with a demand for the return of the collateral. 31 Cyc. 836, 840, 855; *Douglas v. Carpenter,* 17 App. Div. 329, 45 N. Y. Supp. 219; 37 Cyc. 414; Daniels, Negotiable Instruments (4th ed.), § 1311, and cases there cited. This court in *Thompson v. Metropolitan Bldg. Co.,* 95 Wash. 546, 164 Pac. 232, has, in effect, answered the question here presented and agrees without conclusion.

The judgment is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.