[Civ. No. 1911.   Fourth Appellate District.—July 6, 1936.]

SECURITY INVESTMENT COMPANY (a Corporation), Appellant, v. BIEG–HOFFINE COMPANY (a Corporation), Respondent.

Guy Richards Crump, Sarau & Thompson and Roy W. Colgate for Appellant.

Charles L. Nichols, David R. Faries and Kidd, Schell & Delamer for Respondent.

TURRENTINE, J., *pro tem.*—The facts material to the determination of this appeal are as follows: Plaintiff held notes of the defendant for money loaned (capital advance) to defendant and also held certain corporate stock of defendants pledged to plaintiff as security for the payment of the notes. Claiming the notes to be due and unpaid, plaintiff sold the stock pledged to it as pledgee and instituted this action to recover the balance due on the notes. The notes were not due and the pledgee's sale was void. Defendant filed a pleading called a "cross-complaint and counterclaim" to recover damages for the conversion of the stock. Plaintiff admits the conversion of the stock. The trial court found that the value of the stock at the time of conversion was $120,771.67, and that the indebtedness of defendant to plaintiff when this action was commenced on the notes and the debts secured by the pledge of the stock sold was "approximately $100,000.00." Judgment was made and entered for the defendant on the complaint and answer and for the defendant on the cross-complaint and counterclaim against plaintiff for $119,330.25 (being the value of the stock less an offset of $1441.42 allowed by the court). Plaintiff did not appeal from that portion of the judgment against it on the complaint and the answer thereto, but prosecutes this appeal from the judgment against it for $119,330.25 on the cross-complaint and counterclaim. The notes above referred to were introduced in evidence with evidence of the amount of the unpaid indebtedness thereon. The appeal is on the judgment-roll.

■ The only attack on the judgment is that the trial court applied the wrong measure of damages. We · think this contention must be sustained. The measure of damages, where a pledgor of property sues the pledgee for conversion and prevails, is the value of the pledged property at the time of conversion, less the indebtedness owed by the pledgor to the pledgee on the obligations for which the property converted was pledged.

*Gay* v. *Moss,* 34 Cal. 125, was an action to recover the value of a certain contract alleged to have been converted by the defendant. On page 132 the court says:

"At the time of the sale the value of the contract was found by the court to be eight thousand dollars. There was at the time due Moss on the three thousand one hundred dollar note, three thousand seven hundred fifty-four dollars and ten cents, as found by the Court. The amount for which Moss is liable on the conversion, is the value of the pledge eight thousand dollars, less three thousand five hundred seventy-four dollars and ten cents, the amount due him, and interest on said balance from the date of the sale. . . . "

"The judgment being for the value of the bonds at the date of conversion, with a recoupment of damages by crediting the amount of the debt at the date of such conversion, is, in our opinion, a proper judgment." (*Lowe* v. *Ozmun,* 3 Cal. App. 387, 395, 396 [86 Pac. 729].)

*Revert* v. *Hesse,* 184 Cal. 295 [193 Pac. 943], as an action for damages for conversion of mortgages by a pledgee. On page 303 the court lays down the following rules:

"With regard to the question of damages, the general rule is that where a note or other money securities have been converted, 'their owner is, *prima facie,* entitled to recover their face value with interest.' (4 Sutherland on Damages, 4th ed., sec. 1132.) Where the converted debt was held by way of pledge, the amount due the pledgee on the principal debt must be deducted from the value of the debt converted. . . . "

The trial court should have found the amount of indebtedness from defendant to plaintiff on the obligations for which the stock was pledged instead of finding that the indebtedness was "approximately $100,000.00".

The judgment is reversed with directions to the trial court to take evidence and determine the amount of the indebtedness with interest to date of conversion of the pledged stock owing from defendant to plaintiff at the time of conversion of the stock; to then deduct the amount of such indebtedness from the $119,330.25 and enter judgment for defendant on its cross-complaint and counterclaim for such difference, together with legal interest on the difference at the rate of 7 per cent per annum from the date of conversion to the date of judgment. Appellant will recover costs on appeal.

Barnard, P. J., and Marks, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1936.