[Civ. No. 1982. Fourth Appellate District.—July 6, 1936.]

SECURITY INVESTMENT COMPANY OF RIVERSIDE (a Corporation), Respondent, v. BIEG–HOFFINE COMPANY (a Corporation), Appellant.

Charles L. Nichols, David L. Faries and Kidd, Schell & Delamer for Appellant.

Guy Richards Crump, Sarau & Thompson and Roy W. Colegate for Respondent.

TURRENTINE, J., *pro tem.*—Certain facts as set forth in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, this date decided (*ante,* p. 225 [59 Pac. (2d) 584], are material to a consideration of this appeal. Reference is made to such case for the facts not set forth herein. Other facts necessary to this decision are that after judgment was entered for defendant in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, *supra,* plaintiff instituted this action on the notes of defendant to plaintiff, mentioned and set forth in the foregoing companion case. Defendant entered a plea of abatement on the ground that the notes and indebtedness thereon were litigated in the former action. (*Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, *supra.*) Defendant also denied any indebtedness on said notes and their validity, but the findings in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, *supra,* are contrary to defendant's contention. Judgment went for plaintiff and defendant appeals.

We have held that the notes and the indebtedness thereon were litigated in *Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, *supra.* When the amount of defendant's indebtedness to plaintiff is deducted from the amount defendant was damaged by the conversion of its stock, the obligation and indebtedness of defendant to plaintiff is thereby paid.

"In addition to all this, no tender of the debt was averred in the original complaint, and the facts upon which the claim of conversion was based—namely, that he had appropriated to his own use the bonds, the value of which was in excess of the debt, *which in law amounted to a satisfaction of the debt,*—are clearly set forth in the original complaint, . . . " (Italics ours.) (*Lowe* v. *Ozmun,* 3 Cal. App. 387, 395 [86 Pac. 729, 732].)

It follows that the indebtedness and notes were litigated in said action and that this action should be abated until the

judgment in the action of *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911, *supra*, becomes final, and thereupon the matter becomes *res judicata* and defendant will be entitled to judgment of dismissal herein.

Judgment reversed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1936.