judgment in the action of *Security Investment Co.* v. *Bieg-Hoffine Co.,* Civil No. 1911, *supra,* becomes final, and thereupon the matter becomes *res judicata* and defendant will be entitled to judgment of dismissal herein.

[Civ. No. 1983. Fourth Appellate District.—July 6, 1936.]

SECURITY INVESTMENT COMPANY OF RIVERSIDE (a Corporation), Respondent, v. BIEG–HOFFINE COMPANY (a Corporation), Appellant.

Charles L. Nichols, David L. Faries and Kidd, Schell & Delamer for Appellant.

Guy Richards Crump, Sarau & Thompson and Roy W. Colegate for Respondent.

TURRENTINE, J., *pro tem.*—After the judgment against it in *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911, *ante,* p. 225 [59 Pac. (2d) 584], plaintiff brought this action to recover on a promissory note of $32,000 due and unpaid from defendant to plaintiff and for equitable relief. In addition thereto plaintiff sued on the notes litigated in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911, and referred to in action No. 1911 this date decided (*ante,* p. 225 [59 Pac. (2d) 585]). The equitable relief sought was on allegations that the defendant had a judgment against plaintiff for $119,330.25; that the defendant was insolvent and was indebted to plaintiff in the amount of approximately $152,000, and that it would be inequitable to allow the defendant to collect the judgment of $119,330.25 when it was insolvent and in fact owed plaintiff approximately $152,000. Plaintiff prayed that defendant be restrained from taking out execution or selling or encumbering its judgment and that it be allowed an equitable set-off against defendant for the amount of the indebtedness due from plaintiff to defendant on said judgment of $119,330.25. The $32,000 note and indebtedness was not involved in either of the former actions referred to. The plaintiff attempted to plead the $32,000 note by a supplemental complaint in the former action but was prevented from so doing on objection by defendant, which objection was sustained by the court. The trial court found these allegations of plaintiff to be true and gave judgment for plaintiff. Defendant appeals.

We have held that all of the indebtedness and notes except the $32,000 note were litigated in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.*, No. 1911, *supra,* this date decided.      On the $32,000 indebtedness and note plaintiff is entitled to judgment as prayed for in its complaint and to equitable relief restraining the defendant from collecting, selling, assigning, hypothecating or otherwise disposing of or encumbering the judgment in the case of *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911, *supra;* that when the judgment in *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911, *supra,* becomes final, the amount thereof shall be a partial satisfaction of the judgment herein, and execution in this case shall be stayed until the judgment in *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No.

1911, becomes final and plaintiff files a partial satisfaction of this judgment for the amount of the judgment against it in *Security Investment Co.* v. *Bieg-Hoffine Co.*, Civil No. 1911.

The judgment is reversed with directions to the trial court to enter judgment in accordance with the views herein expressed.

Barnard, P. J., and Marks, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1936.