[Civ. No. 2068.   Fourth Appellate District.—October 14, 1938.]

SECURITY INVESTMENT COMPANY (a Corporation), Respondent, v. BIEG–HOFFINE COMPANY (a Corporation), Appellant.

Mott, Vallee & Grant, David R. Faries, Gerald F. H. Delamer and Charles L. Nichols for Appellant.

Sarau & Thompson, Crump & Rogers and Guy Richards Crump for Respondent.

MARKS, J.—This is an appeal from a judgment that defendant Bieg-Hoffine Company take nothing on its cross-complaint against plaintiff.

This is the second appeal in this case to come before this court. The preliminary facts are sufficiently detailed in the first opinion (*Security Investment Co.* v. *Bieg-Hoffine Co.,* 15 Cal. App. (2d) 225 [59 Pac. (2d) 584]) and will not be repeated here.

The sole question necessary for our determination is, did the trial court, on the second trial, conform to and carry out the directions of this court on reversal?

Our order on the first appeal was as follows: "The judgment is reversed with directions to the trial court to take evidence and determine the amount of the indebtedness with interest to date of conversion of the pledged stock owing from defendant to plaintiff at the time of conversion of the stock; to then deduct the amount of such indebtedness from the

$119,330.25 and enter judgment for defendant on its cross-complaint and counterclaim for such difference, together with legal interest on the difference at the rate of seven per cent per annum from the date of conversion to the date of judgment. Appellant will recover costs on appeal.''

A petition for hearing in the Supreme Court was denied and the judgment of this court became final. Right or wrong, that judgment became the law of the case and binding on the trial court. (*Rodehaver* v. *Mankel*, 16 Cal. App. (2d) 597 [61 Pac. (2d) 61]; *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 Pac. 765, 103 Am. St. Rep. 66].) The order was definite and certain and the trial court had no authority but to conform to and carry out the directions of this court.

That is exactly what was done on the second trial. The trial court found, on ample evidence, that:

''The total amount unpaid on the principal sum of said notes on January 19, 1932, was the sum of $118,083.40. In addition thereto there was interest owing and unpaid on said notes on January 19, 1932, in the sum of $1,733.83.''

As the total sum of the unpaid principal and accrued interest on the notes exceeded, by $486.98, the amount of damages awarded to the Bieg-Hoffine Company, judgment was entered that that company recover nothing against plaintiff. Under the order of this court no other judgment could have been entered by the trial court at the second trial.

Judgment affirmed.

Barnard, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 12, 1938.